IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:21-cr-30182-DWD |
| MELONY J. EMERSON, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is currently before the Court on Defendant Melony J. Emerson's Motion for Early Termination of Probation. (Doc. 50). Ms. Emerson was convicted of Making a False Statement in Order to Acquire a Firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). (Doc. 47). The Court sentenced Ms. Emerson to three years of probation and ordered her to pay a special assessment of $100.00 and a fine of $500.00. Ms. Emerson has served just over one year of her three-year term of probation and has paid both of her financial obligations.

Ms. Emerson indicates that she has complied with the terms of her probation, without incident and has provided her probation officer with all requested information. Ms. Emerson further indicates that she (1) has been employed as an early educational professional for 10 years; (2) is ineligible for renewal of her Paraprofessional Educator Certificate while on probation; (3) has been offered a permanent substitute teacher position but is ineligible to obtain a substitute teacher

certificate while on probation; and (4) is enrolled for online courses seeking a bachelor's in early childhood education. Finally, Ms. Emerson, who is a single mother, expresses regret for her conduct and a desire to be a good role model and provider for her son.

Initially, the Government and the United States Probation Office opposed Ms. Emerson's request for early termination of probation. (Doc. 52). The United States Probation Office indicated Ms. Emerson had not yet complied with a request to provide paperwork regarding her housing status. (*Id*). However, both the Government and the United States Probation Office have indicated via email that they no longer oppose Ms. Emerson's request for early termination of probation and that Ms. Emerson is in compliance with the terms of her probation, including any requirements pertaining to her housing status.

Under 18 U.S.C. § 3564(c), "[t]he court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See also* Fed. R. Crim. Proc. 32.1(c)(2)(B) (allowing for modification of supervised release or probation without a hearing if "the relief sought is favorable to the person and does not extend the term of probation or of supervised release.").

After considering the motion and the applicable Section 3553(a) factors, the

Court finds that early termination of Ms. Emerson's probation is warranted by her conduct and in the interest of justice. As noted, Ms. Emerson has performed well while on probation, she has been offered a permanent substitute teacher position, and she is in the process of furthering her education. The Court commends Ms. Emerson for the positive steps she has taken to improve her life and the life of her son, and the Court is pleased to grant the unopposed motion for early termination of probation.

Accordingly, the Motion for Early Termination of Probation (Doc. 50) is **GRANTED**. The previously imposed term of probation is **TERMINATED** as of the date of this Order.

**IT IS SO ORDERED.**

Dated: October 15, 2024

DAVID W. DUGAN
United States District Judge